Filed: 8/11/2021 3:26 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-21-003766
Jessica Contreras

CAUSE NO. C-1-CV-21-003766

| | | |
|---|---|---|
| LUIS ENRIQUE MANCILLA DE LA CRUZ, | § § | IN THE COUNTY COURT |
| Plaintiff, | § § | |
| v. | § § | AT LAW NO. 1 |
| FIESTA MART, L.L.C. | § § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** LUIS ENRIQUE MANCILLA DE LA CRUZ (hereinafter called "Plaintiff"), complaining of and about FIESTA MART, L.L.C. (hereinafter called "Defendant"), and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends that discovery be conducted under Discovery Level 1.

### PARTIES AND SERVICE

Plaintiff is a resident of Travis County, Texas.

Defendant FIESTA MART, L.L.C. is a Company in Texas, organized under the laws of the State of Texas and service of process on the Defendant may be effected by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service is requested by private process as authorized by the Court.

### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court. Plaintiff seeks monetary relief of $250,000 or less.

This court has jurisdiction over the parties because Defendant is a Texas Company organized under the laws of Texas.

Venue is proper in Travis County in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because it is the county in which all or substantially all of events giving rise to the collision made the basis this lawsuit occurred.

Finally, no Federal question exists and complete diversity of citizenship fails to exist.

### MISNOMER, ALTER-EGO, ASSUMED NAME

In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein. At all relevant times, the named Defendant is believed to have owned, operated, and/or done business as "Fiesta Mart, L.L.C." Plaintiff brings this action, in part, against Fiesta Mart, L.L.C. in their assumed name and relies upon articles 6133 *et. seq.*, Texas Revised Civil Statutes, and Rule 28, Texas Rules of Civil Procedure, in order to properly identify the Defendant.

### FACTS

At all times material hereto, Defendant was the possessor in control of the premises located at 5510 I-35 South, Austin, Texas 78745 (Store #64).

Plaintiff entered upon said premises as an invitee for the purpose of furthering Defendant's business as a customer. He entered on the said property of Defendant at the invitation of Defendant to engage in the act furthering the business through him being a customer.

During the time that Plaintiff was upon Defendant's property, Plaintiff was seriously injured as a result of a dangerous condition that caused him to slip and fall. Specifically, Plaintiff slipped on an unidentified, wet substance left on the floor in the seafood department, injuring his left leg and buttocks.

Plaintiff's bodily injuries occurred as a direct result of water on the floor of the seafood department that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

## CAUSES OF ACTION

### A. Negligence as Against Defendant

Defendant was negligent, and this negligence was the proximate cause of Plaintiff's personal injuries and damages.

Defendant had a duty to exercise due care in providing invitees with a safe shopping environment and following proper rules and regulations for the safety of said persons. However, Defendants failed to provide a safe shopping environment and to follow proper rules and regulations for the safety of its customers. Defendant's failure to provide a safe shopping environment and to follow proper rules and regulations for the safety of its customers, constitutes negligence, and such negligence was the proximate cause of the injuries Plaintiff sustained.

Plaintiff alleges that, upon the occasion in question, Defendant failed to use ordinary care by various acts and omissions in at least the following ways:

a. Failing to provide a reasonably safe shopping environment to its customers.;

b. Failing to follow proper rules and regulations for safety the of its customers;

c. Failing to properly maintain the floor in the facility Defendant owned and controlled;

d. Failure to exercise reasonable care to reduce or eliminate the risk to invitees from unreasonably unsafe and dangerous activities;

e. Failure to warn invitees of unreasonably unsafe and dangerous activities and conditions;

f. Failing to exercise the degree of care in the maintenance of the floor that a person of ordinary prudence would have exercised under the same or similar

circumstances within the store; and

g. Failing to adequately warn of an unreasonable risk of harm.

## B. Premises Liability as Against Defendant

On or about September 7, 2019, and at all times mentioned herein, Defendant was the possessor of the property in question and either owned, occupied or maintained the premises as a store serving the public.

At all times mentioned herein, Defendant had such control over the premises in question that Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

Defendant's agents, servants, and employees negligently permitted the seafood department floor to become hazardous by leaving water on the store's floor and negligently or willfully allowed such condition to continue, failed to inspect the floor of the facility and failed to make safe and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendant or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

At all times pertinent herein, Defendant and any of Defendant agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

A. Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

B. Failing to maintain the floor in a reasonably safe condition;

C. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

D. Failing to remove the water causing the injury to Plaintiff;

E. Failing to discover and remove the water within a reasonable time; and

F. Failing to properly maintain the floor in a building known to need routine maintenance.

## PROXIMATE CAUSE

Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff has incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Travis County, Texas;

B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C. Physical pain and suffering in the past;

D. Mental anguish in the past;

E. Physical pain and suffering in the future;

F. Mental anguish in the future;

G. Physical impairment in the past; and

H. Physical impairment which, in all reasonable probability, will be suffered in the future.

## REQUEST FOR JURY TRIAL.

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure §194, Defendant is required to disclose the information or material described in Rule 194.2(b)(1) – (12).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICE OF JOEL A. LEVINE, PLLC**

By: */s/ Alberto G. de la Torre*
    Alberto G. de la Torre
    State Bar No. 24087395
    1515 West Koenig Lane, Suite 100
    Austin, Texas 78756
    Telephone: (512) 982-1510
    Facsimile: (512) 367-5928
    Email: alberto@joelalevine.com

**ATTORNEY FOR PLAINTIFF
LUIS ENRIQUE MANCILLA DE LA CRUZ**

THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS
A Non-Profit Corporation

### IF YOU NEED A LAWYER AND DON'T KNOW ONE, THE LAWYER REFERRAL SERVICE CAN HELP

**512-472-8303**
866-303-8303 (toll free)
www.AustinLRS.com

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation, bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

---

### SI USTED NECESITA EL CONSEJO DE UN ABOGADO Y NO CONOCE A NINGUNO PUEDE LLAMAR A LA REFERENCIA DE ABOGADOS

**512-472-8303**
866-303-8303 (llame gratis)
www.AustinLRS.com

Abierto de lunes a viernes de 8:00 am-4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia, indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

# CT Packing Slip

**CT Corporation**

**UPS Tracking # :** 1ZX21277801158899696
**Created By :** Adolfo Ayon
**Created On :** 08/27/2021 04:24 PM
**Recipient :**

### Joe Angulo

| | |
|---|---|
| Title : | |
| Customer : | Bodega Latina Corporation |
| Address : | 14601B LAKEWOOD BLVD |
| Email : | joe.angulo@blcmarkets.com |
| Phone : | Fax : - |

**Package Type :** Envelope
**Items shippped :** 2

| Log # | Case # | Entity Name |
|---|---|---|
| 540151898 | C1CV21003766 | Fiesta Mart, L.L.C. |
| 540154964 | 202152475 | Fiesta Mart, L.L.C. |

**RECEIVED**
AUG 31 2021
EL SUPER
CORPORATE MAILING ROOM

